UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JANET GRAY and PAUL GRAY,**
**individually and as assignees of**
**McCORMICK INTERNATIONAL, INC.**
**d/b/a McCORMICK WATER-SKI**
**SCHOOL; JAMES McCORMICK; and**
**TATIANA NIEBUHR,**

    **Plaintiffs,**

v.                                                                        Case No.  8:11-cv-497-T-30TGW

**ACE AMERICAN INSURANCE**
**COMPANY,**

    **Defendant.**
_____/

## ORDER ABATING COUNT III

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss or Abate Count III (Dkt. #14) and Plaintiffs' Response (Dkt. #18).

Plaintiff Janet Gray was injured in a water skiing accident at the McCormick Water-Ski School.  She sued James McCormick, the owner of the boat, and the water-ski school. Defendant refused to defend McCormick claiming that the incident was not covered by its policy.  Gray settled with McCormick, had a consent judgment entered in state court, received an assignment from McCormick of claims against Defendant, and now brings this action in three counts:

(1) Count I is an action for breach of contract predicated upon the allegation that Defendant improperly denied insurance coverage,

(2) Count II seeks declaratory relief that insurance coverage exists under the subject marine insurance policy, and

(3) Count III makes the claim against Defendant for common law bad faith.

Defendant seeks to dismiss or abate Count III as premature. Defendant argues that the breach of contract claim must be decided before the issue of bad faith can be entertained. Plaintiffs contend that the bad faith issue is appropriately raised in the same action because the underlying state court judgment has already determined all facts necessary to establish any predicate necessary for the bad faith claim. Plaintiffs cite two cases in support of their position, including *Thomas v. Western World Insurance Co.*, 343 So.2d 1298 (Fla. 2d DCA 1977). But *Thomas* can also be read to support abatement.

Plaintiffs cite the following language from *Thomas*:

> (W)e do not agree that 'bad faith' or its equivalent is an absolute prerequisite to a recovery of excess damages in the present case. . . In the case before us, there is no threshold question of 'good faith' vs. 'bad faith.' For her, the company exercised no faith at all. It simply wrongfully refused to comply with its contract to provide a defense on behalf of its insureds. If that breach by insurer caused foreseeable damages to be assessed against its insureds, to that extent the insurer should be held liable.

*Thomas*, 343 So.2d at 1304. In essence, *Thomas* held that the dispute was a breach of contract action. There was no need to consider "bad faith" versus "good faith." That is sufficient reason to support abatement of Count III.

If the breach of contract count does indeed resolve the dispute between the parties, there is no need to litigate the issue of bad faith.  And, an insurance company's coverage and liability are normally to be resolved before the bad faith issue is entertained.  It is

ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss or Abate Count III (Dkt. #14) is GRANTED.

2. Count III is hereby ABATED pending the determination of the Defendant's liability and responsibility for the damages at issue.

**DONE** and **ORDERED** in Tampa, Florida on December 14, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-497.abate 14.frm